

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 25 2008

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VALOR HEALTHCARE, INC                                           PLAINTIFF

VS.                        NO. 08-6015

DIVINDA PINKERTON, KEVIN HALE,
HEALTHSTAR PHYSICIANS OF HOT SPRINGS, PLLC
And HEALTHSTAR, VA PLLC.                                        DEFENDANTS

## COMPLAINT

Comes the Plaintiff, by and through counsel, and for its Complaint, she states:

### PARTIES AND JURISDICTION

1.      Plaintiff is a foreign corporation with its principal place of business outside the State of Arkansas. Defendants Kevin Hale, who practices medicine in Garland County, and Divinda Pinkerton, who functions as an office manager for HealthStar are residents and citizens of the State of Arkansas. HealthStar VA, PLLC, is an Arkansas entity with its principal place of business at 1661 Airport Road, Suite D, Hot Springs, Arkansas, 71913, which was awarded Contract Award Number: V598P-4284 to provide primary care services for an estimated Contract Award Amount: $91,687.50. HealthStar VA, PLLC was created by Dr. Kevin Hale and his physician partners to operate the VA Clinic in Hot Springs and in Mena, Arkansas.  Dr. Hale also operates HealthStar Physicians of Hot Springs, PLLC with its principal place of business at 1661 Airport Rd Ste D, Hot Springs, AR 71913 Phone: (501) 625-7500.  Dr. Hale is the registered agent and managing member of each of these entities and is sued not only in his capacity as a member of these entities, but also individually.  This is an action for fraud and interference with contract or expectancy.  This Court has diversity jurisdiction under 28 USC 1334, as well as personal jurisdiction over the parties.  Venue is proper under 28 USC 1391(b).

1

2. On March 3, 2005 the Department of Veterans Affairs Central Arkansas Veterans Health Care System (CAVHS) issued a Sources Sought for Solicitation Number: 598-77-05.

3. On August 23, 2005 the VA issued a Pre-Solicitation Notice and then released the Request for Proposals (RFP) for Solicitation Number 598-77-05. The VA issued three (3) amendments and five (5) modification notices to Solicitation Number 598-77-05. The final due date was February 9, 2006.

4. On February 9, 2006, Valor Healthcare Services submitted a response to Solicitation: RFP-598-77-05. On April 13, 2007, the Central Arkansas Veterans Healthcare System awarded Valor Healthcare the contract VA256-P-004 to operate the VA Community Based Outpatient Clinic – Hot Springs at a monthly capitated rate of $28.95 per enrollee per month.

5. Dr. Hale has stated that HealthStar had bid a monthly capitated rate of $2.00 per enrollee per month higher than Valor Healthcare.

6. Initially, HealthStar was extremely upset it had not been awarded the contract and was strongly considering protesting the award decision.

7. HealthStar did file a protest with the GAO, yet Dr. Kevin Hale signed a lease with Valor Healthcare on April 19, 2007.

8. Allegedly, he had not made his decision to protest at the time he signed the lease. Plaintiff, however, believes that he in fact had made the decision to protest, yet intentionally misrepresented this to Plaintiff.

9. Plaintiff reasonably relied on this misrepresentation to its detriment.

10. The VA solicitation specifies that the incumbent will work with the new contractor to transition services smoothly. The following appeared on page 32 of the solicitation.

N. Change of Contractors/Continuity of Services:

If at the end of contract performance there is award of a subsequent contract to another contractor, the current contractor is required to coordinate transition of services during a ninety (90) day phase-in period. Payment for services will continue at the rates identified in the schedule of services under Option Year 4. All parties shall be expected to cooperate with CAVHS officials to facilitate a smooth transition without disrupting the provisions of services to veteran beneficiaries. The Contractor shall, upon the Contracting Officer's written notice, furnish phase-in, phase-out services for up to 90 days after this contract expires and negotiate in good faith a plan with a successor to determine the nature and extent of phase-in, phase-out services required. The plan shall specify a training program and a date for transferring responsibilities for each division of work described in the plan, and shall be subject to the Contracting Officer's approval.

11. However, Defendants were not cooperative during the transition.

12. Defendants immediately began intentionally misleading veterans enrolled in the Hot Springs VA CBOC that the clinic was closing and that the veterans needed to transfer to the VA Clinic in Mena, Arkansas, which is operated by HealthStar. The Mena VA CBOC is 86 miles from Hot Springs VA CBOC.

13. Defendants coerced veterans into signing petitions in the waiting room of the Hot Springs VA CBOC requesting to transfer their care from Hot Springs VA CBOC to Mena VA CBOC. The CAVHS staff was made aware of this activity and met with Defendants and advised them to stop. However, the behavior continued, resulting in a loss of patient base under the contract.

14. Although Plaintiff had signed a lease with HealthStar, Defendants refused to cooperate with Plaintiff to permit Plaintiff to prepare the clinic for operation.

15. During the protest period, awaiting the decision of the GAO, Plaintiff spoke with the VA about canceling the lease and building out Plaintiff's originally proposed space. The VA contended that it would be better for the veterans if Plaintiff used the HealthStar location for continuity of care.

16. On June 8, 2007, Plaintiff had to amend the lease to agree to a delivery date of August 1, 2007. Originally, HealthStar was to have delivered the space to Plaintiff on June 9, 2007.

17. The GAO ruled against HealthStar in their protest.

18. On September 24, 2007, HealthStar filed a protest with the U.S. Small Business Administration (SBA) protesting the size of Valor Healthcare. On October 5, 2007, the SBA ruled that the protest was untimely. HealthStar filed for an appeal of the SBA decision on October 17, 2007. The SBA dismissed HealthStar's appeal on October 24, 2007.

19. Defendants are headquartered in the same building as Valor Healthcare's VA CBOC – Hot Springs. Valor Healthcare had originally agreed to hire the VA Clinic office manager, Ms. Divinda Pinkerton, as Plaintiff's Lead Administrative Assistant. Yet shortly after agreeing to hire her, she notified Plaintiff that she would be staying employed by HealthStar. During the entire Transition Period she was confrontational with veterans in the clinic insisting that Defendants transfer their care to HealthStar's Mena VA CBOC.

20. Plaintiff asked HealthStar to transition the telephone number for the VA CBOC – Hot Springs to Valor for continuity of patient care. Defendants refused and the CAVHS was notified. Defendants have added the VA CBOC to the local telephone book that was just released. It has their old telephone number (501) 760-1513 and lists their address as 1661 Airport Road, Hot Springs, AR 71913. This is intentionally misleading. Defendants do not have the authority to operate a VA CBOC in Hot Springs.

4

21. Veterans continue to advise Plaintiff that as of January 2008 when the telephone the number posted by HealthStar that Divinda Pinkerton advises them that the Hot Springs VA Clinic is closed and that Defendants need to transfer to Mena VA CBOC. This is untrue. Defendants made these representations in order to shift the enrollees to Mena, resulting in a loss of income to the Plaintiff. Indeed, Plaintiff has lost such a percentage of enrollees due to Defendants' improper interference, Plaintiff would not have bid in the manner in which it bid, nor leased the space from HealthStar.

22. Although the VA asked Defendants to cease telephoning veterans, HealthStar continued to telephone veterans. Defendants had no legal right to view the patient's information in the VA Computer since Plaintiff became the patient's medical providers, yet in violation of HIPPA, Defendants continued to go into the veteran's electronic record on the CAVHS (Little Rock VA Medical Center) server and call and harass veterans about transferring to Mena. Plaintiff were told that the VA had to remove the access codes of the Divinda Pinkerton and yet to this day she still logs in and makes Hot Springs patient appointments for Mena.

23. Plaintiff has been advised that many of the veterans who were coerced by HealthStar to transfer to Mena complained about the drive. Plaintiff has been advised that Dr. Hale and the other physicians are seeing these patients in HealthStar part of Plaintiff's building in Hot Springs.

24. Healthstar has no authority to see the VA patients at this location.

25. HealthStar appeared before the Arkansas State Legislature and asked that Defendants investigate the award of the contract to Valor Healthcare. Valor Healthcare was not invited to this hearing. Another hearing was later held, at which Valor Healthcare was able to present Plaintiff's side. Plaintiff was represented by Mr.

5

Howie Lewin (CEO, Valor Healthcare) and by Dr. John Soignet (Chief of Staff, Valor Healthcare).

26. HealthStar telephoned each of Plaintiff's employees informing them that neither Defendants nor their family members could continue to receive care at the Primary Care Clinics operated by HealthStar. HealthStar is an authorized provider for Plaintiff's employee medical insurance, United Healthcare.

27. Dr. Hale and members of his corporate office harassed veterans in the waiting room of the Hot Springs VA CBOC and coerced them to sign a petition and to transfer their care to the Mena VA CBOC. Defendants lied to the veterans telling them that the clinic was going to be closed.

28. Once Defendants were called to task by the VA to stop telling patients that the clinic was going to be closed, Defendants continued to harass the patients into signing the petition and to transfer their care.

29. By virtue of the facts alleged herein, there was in existence of a valid contractual relationship or a business expectancy between Plaintiff, the VA, and the veterans receiving services at the Hot Springs location.

30. Defendants had knowledge of the relationship or expectancy.

31. Defendants intentionally interfered with Plaintiff's contract or expectancy by inducing or causing a breach or termination of the relationship or expectancy

32. As a result, Plaintiff has lost enrollees for medical services properly rendered at the Hot Springs, thereby losing income.

33. This interference was so improper, so as to justify the imposition of punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory damages exceeding seventy-five thousand dollars and for punitive damages, and for reasonable attorney's fees, for a trial by jury, for costs, and for all other proper relief.

6

Respectfully submitted,

Luther Oneal Sutter
HARRILL & SUTTER, PLLC
Attorneys at Law
310 Natural Resources Drive
Post Office Box 26321
Little Rock, Arkansas 72221-6321
501/224-1050

By: _____
Luther Oneal Sutter Ark. Bar No. 95031

7