IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VALOR HEALTHCARE, INC.                                          PLAINTIFF

   v.                         Case No: 08-6015

DIVINDA PINKERTON; DR. KEVIN HALE, M.D.;
HEALTHSTAR PHYSICIANS OF HOT SPRINGS, PLLC;
and HEALTHSTAR VA, PLLC                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On April 16, 2008, Plaintiff—Valor Healthcare Inc.—filed its Amended Complaint. (Doc. 8). Defendants—Divinda Pinkerton; Dr. Kevin Hale, M.D.; Healthstar Physicians of Hot Springs, PLLC; and Healthstar VA, PLLC—filed a Joint Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim on June 17, 2008. (Doc. 18). On June 20, 2008, Plaintiff filed its Second Amended Complaint. (Doc. 20). Plaintiff's Second Amended Complaint rendered moot Defendants' Motion to Dismiss Plaintiff's Amended Complaint. *Pure Country, Inc. v. Sigma Chi Fraternity,* 312 F.3d 952, 956 (8th Cir. 2002). Therefore, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **DENIED.**

On July 7, 2008, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 24). This Court held a hearing addressing this motion on July 28, 2008. For the reasons stated herein, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is both **GRANTED AND DENIED IN PART.**

## I. Background

In its Second Amended Complaint, Plaintiff—Valor Healthcare, Inc.—alleges Defendants' commission of fraud, tortious interference with contract or business expectancy, interference with prospective advantage, and conspiracy. Moreover, Plaintiff alleges defamation against Defendant Dr. Kevin Hale individually. The factual allegations set out within the complaint are summarized and construed in the light most favorable to the Plaintiff, which we are required to do. Plaintiff alleges as follows:

1. Healthstar, VA, PLLC is an entity created to operate VA community based outpatient clinics. In so doing, Healthstar VA utilizes the services of the physicians of Healthstar Physicians of Hot Springs, PLLC.

2. Both Healthstar VA and Healthstar Physicians of Hot Springs are managed by Dr. Kevin Hale.

3. On or after February 9, 2006, Valor Healthcare, Inc. was awarded the contract VA256-P-004 to operate the VA Community Based Outpatient Clinic - Hot Springs ("Hot Springs CBOC").

4. Prior thereto, the Hot Springs CBOC had been operated by Healthstar, VA.

5. Dr. Hale was disappointed over losing the Hot Springs CBOC contract.

6. On April 19, 2007, Dr. Hale signed a contract with Valor under which Valor agreed to lease clinic space. This space was

located in the same building as that which Healthstar Physicians of Hot Springs occupied.

7. At signing, Dr. Hale, on behalf of Healthstar Physicians of Hot Springs and Healthstar VA, advised Valor that he had not made a decision as to whether Healthstar VA would protest the award of the VA contract to Valor. Despite this representation, Dr. Hale had already decided to protest the award.

8. Healthstar VA ultimately appealed Valor's receipt of the contract. This appeal was unsuccessful.

9. After losing the Hot Springs CBOC contract, the office manager of Healthstar Physicians of Hot Springs and Healthstar VA—Divinda Pinkerton—and Dr. Hale began inducing veterans enrolled in the Hot Springs CBOC to enroll in the VA Community Based Outpatient Clinic - Mena ("Mena CBOC"), which was operated by Healthstar VA.

10. Specifically, veterans were told that the Hot Springs CBOC was closing and asked to sign a petition to transfer their healthcare to the Mena CBOC.

11. These actions caused the loss of client base under Valor's contract with the VA.

12. Additionally, with respect to Valor's lease of clinic space, neither Healthstar Physicians of Hot Springs, Healthstar VA, nor Dr. Hale permitted Valor to prepare the clinic for

operation. As a result, the lease had to be amended, changing the delivery date from June 9, 2007 to August 1, 2007.

13. During the transition period from Healthstar VA to Valor's operation of the Hot Springs CBOC, Pinkerton continued efforts to induce veterans to enroll in the Mena CBOC.

14. Dr. Hale, on behalf of Healthstar Physicians of Hot Springs and Healthstar VA, has retained use of the Hot Springs CBOC telephone number, misleading veterans into the belief that Healthstar VA still operates the Hot Springs CBOC.

15. Dr. Hale, on behalf of Healthstar Physicians of Hot Springs and Healthstar VA, has instructed Pinkerton to advise veterans that the Hot Springs CBOC is closed.

16. To accommodate veterans, Dr. Hale, Pinkerton, Healthstar Physicians of Hot Springs, and Healthstar VA have permitted veterans to be seen at their Hot Springs clinic, despite the fact that the VA has not approved such action.

17. These Hot Springs visits are billed under Healthstar VA's Mena CBOC contract.

18. Pinkerton uses her VA computer access to obtain veteran information in order to contact veterans and induce them to enroll in the Mena CBOC.

19. Despite a request by the VA that Dr. Hale, Pinkerton, Healthstar Physicians of Hot Springs, and Healthstar VA cease their efforts to induce veterans at the Hot Springs CBOC to

enroll in the Mena CBOC, the efforts continue.

20. Dr. Hale has stated that Valor's operation of the Hot Springs CBOC will drastically lower the standard of care at the facility.

21. Dr. Hale authorized his attorney, on his behalf, to state to a local newspaper that the "awarding of this contract doesn't pass the smell test." "I cannot imagine we're not going to find a slew of irregularities." "There appear to be very atrocious things that have happened in the awarding of this contract." "They (Valor) quite simply had too much information too early in this process to not be a rat."

**II. Discussion**

In determining whether a motion to dismiss should be granted, the court must test the legal sufficiency of a complaint. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007). In considering a motion to dismiss, the court takes all allegations in the complaint as true and views the facts most favorably to the non-moving party. *Wisdom v. First Midwest Bank of Poplar Bluff,* 167 F.3d 402, 405 (8th Cir. 1999).

**A. Fraud**

The elements of fraud in Arkansas are: (1) a misrepresentation of material fact by the defendant; (2) made with knowledge of its

falsity; (3) in order to induce reliance by the plaintiff; (4) justifiable reliance thereon by the plaintiff; and (5) damages. *McWilliams v. Zedlitz*, 294 Ark. 336, 338, 742 S.W.2d 929, 930 (1988). While a fraud action must ordinarily be premised on a statement of past or existing fact, a prediction of a future event is actionable when the defendant knows the statement to be false when made. *Delta School of Commerce, Inc. v. Wood*, 298 Ark. 195, 200, 766 S.W.2d 424, 427 (1989). The plaintiff has sufficiently alleged fraud against Dr. Hale, Healthstar Physicians of Hot Springs, and Healthstar VA.

Plaintiff alleges that Dr. Hale, on behalf of Healthstar Physicians of Hot Springs and Healthstar VA, advised Valor that he had not made a decision as to whether Healthstar VA would protest the award of the Hot Springs CBOC contract to Valor. Plaintiff further alleges that Dr. Hale had already decided to protest the award and made the representation in order to induce Valor to rent clinic space in the same building as that occupied by Healthstar Physicians of Hot Springs. Relying on Dr. Hale's misrepresentation, Valor rented the space. Accordingly, Plaintiff has properly alleged fraud on the part of Dr. Hale, Healthstar Physicians of Hot Springs, and Healthstar VA.

Plaintiff's fraud claim arises from the leasing of clinic space to Valor. There is no allegation that Pinkerton had any involvement in the lease transaction. Therefore, Defendant

Pinkerton is dismissed from Plaintiff's fraud count.

**B. Interference with Expectancy**

"The elements of the tort of interference are: (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Mid-South Beverages, Inc. v. Forrest City Grocery Co., Inc.*, 300 Ark. 204, 205, 778 S.W.2d 218, 219 (1989). The alleged interference must be improper. *Hunt v. Riley*, 322 Ark. 453, 458, 909 S.W.2d 329, 332 (1995).

Plaintiff fails to allege the breach or termination of any identifiable contractual relationship based on the conduct of Dr. Hale, Pinkerton, Healthstar Physicians of Hot Springs, or Healthstar VA. Rather, Plaintiff's interference claim stems from the diminished value of its contract to operate the Hot Springs CBOC due to the actions of Dr. Hale, Pinkerton, Healthstar Physicians of Hot Springs, and Healthstar VA. Specifically, these Defendants are alleged to have engaged in an intentional course of conduct designed to induce veterans to leave the Hot Springs CBOC operated by Valor and enroll in the Mena CBOC operated by Healthstar VA. Accordingly, Plaintiff's alleged expectancy is the continued ability to serve the veterans enrolled in the Hot Springs

CBOC—an expectancy that Defendants knew of due to their previous involvement with the Hot Springs CBOC. By inducing veterans to terminate their relationship with the Hot Springs CBOC through misrepresentations of care quality and by telling them that the Hot Springs CBOC was closing, Defendants damaged the Plaintiff.

In addition to tortious interference with contractual or business expectancy, Arkansas recognizes the closely related tort of interference with prospective advantage. This tort "consists of intentional conduct designed to interfere and prevent another from obtaining a prospective pecuniary advantage which proximately causes such prevention, to plaintiff's detriment." *Scholtes v. Signal Delivery Service, Inc.*, 548 F. Supp. 487, 496 (W.D. Ark. 1982). For the reasons explained in the previous paragraph, Plaintiff has properly alleged interference with prospective advantage.

### C. Civil Conspiracy

"To prove a civil conspiracy, a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another." *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 961, 69 S.W.3d 393, 406 (2002). A plaintiff must demonstrate specific intent on the part of the conspirators to accomplish the alleged wrong. *Id*. The agents of

a business entity cannot be held liable for civil conspiracy absent a showing that they were acting for their own benefit and not the benefit of the business entity. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 445, 47 S.W.3d 866, 876 (2001).

The Plaintiff's allegations of civil conspiracy stem from the efforts of Dr. Hale, Pinkerton, Healthstar Physicians of Hot Springs, Healthstar VA, and five John Does to induce veterans to leave the Hot Springs CBOC and enroll in the Mena CBOC. These efforts have been discussed and are sufficient allegations of unlawful, oppressive, or immoral conduct from which a specific intent to accomplish an injury can be inferred. However, Plaintiff also alleges that Dr. Hale and Pinkerton were agents of both Healthstar Physicians of Hot Springs and Healthstar VA at all relevant times. With respect to the alleged conduct constituting the conspiracy, Plaintiff does not allege that Dr. Hale and Pinkerton acted for their own personal benefit. Accordingly, while the legally distinct entities of Healthstar Physicians of Hot Springs and Healthstar VA can conspire, the agency status of Dr. Hale and Pinkerton preclude their ability to be co-conspirators. Accordingly, Dr. Hale and Pinkerton are dismissed from Plaintiff's conspiracy count.

**D. Defamation**

Whether spoken or written, a cause of action for defamation has six elements in Arkansas. They include "(1) the defamatory

nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages." *Dodson*, 345 Ark. at 444, 47 S.W.3d at 875. Plaintiff alleges defamation only against Dr. Hale in his individual capacity.

Plaintiff asserts that Dr. Hale falsely stated that Valor's operation of the Hot Springs CBOC will drastically lower the standard of care at the facility. Plaintiff further alleges that Dr. Hale authorized his attorney, on his behalf, to falsely state to a Hot Springs newspaper that the "awarding of this contract doesn't pass the smell test." "I cannot imagine we're not going to find a slew of irregularities." "There appear to be very atrocious things that have happened in the awarding of this contract." "They (Valor) quite simply had too much information too early in this process to not be a rat." According to plaintiff, the publication of these allegedly false statements has caused it to suffer lost profits, incur business losses, and suffer other damage. Thus, Valor has properly alleged defamation against Dr. Hale in his individual capacity.

## III. Conclusion

For the above stated reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18) is DENIED. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 24) is

both GRANTED AND DENIED IN PART. The Defendants have ten days from the date of this order to file an Answer—consistent with this order—to Plaintiffs' Second Amended Complaint.

IT IS SO ORDERED this 28th day of August, 2008.

                                                 */s/ Robert T. Dawson*
                                                 Honorable Robert T. Dawson
                                                 United States District Judge