```
               IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       HOT SPRINGS DIVISION

VALOR HEALTHCARE, INC.                                    PLAINTIFF

       v.                       Case No: 08-6015

DIVINDA PINKERTON; DR. KEVIN HALE, M.D.;
HEALTHSTAR PHYSICIANS OF HOT SPRINGS, PLLC;
HEALTHSTAR VA, PLLC                                      DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

On September 12, 2008, HealthStar VA, PLLC ("HealthStar VA") filed six counterclaims against Valor Healthcare, Inc. ("Valor"). (Doc. 42). HealthStar VA asserted causes of action based on the Arkansas Unfair Practices Act ("AUPA"), the Arkansas Deceptive Trade Practices Act ("ADTPA"), fraud/deceit, tortious interference with prospective advantage, tortious interference with contract, and slander. On September 29, 2008, Valor filed a Motion to Dismiss all counterclaims.[1] (Doc. 51). On October 28, 2008, Valor filed its Motion for Partial Withdrawal of Motion to Dismiss, seeking to withdraw its Motion to Dismiss with respect to HealthStar VA's tortious interference with contract claim. (Doc. 70). This motion (Doc. 70) is **GRANTED,** and Valor's Motion is withdrawn as to HealthStar VA's tortious interference with contract claim. On November 26, 2008, the Court held a hearing addressing

---

[1] While Valor's Motion to Dismiss does not address HealthStar VA's tortious interference with prospective advantage claim, its Brief in Support addresses interference with business expectancy. Accordingly, to "secure the just, speedy, and inexpensive determination . . ." of this action, the Court liberally construes Valor's motion and supporting brief as seeking dismissal of Healthstar VA's tortious interference with prospective advantage claim. Fed. R. Civ. P. 1.

Valor's Motion to Dismiss.  For the reasons stated herein, Valor's Motion to Dismiss (Doc. 51) is **DENIED**.

**I.  Background**

The factual allegations as they pertain to a counterclaim are summarized and construed in the light most favorable to the counterclaimant.  HealthStar VA alleges as follows:

1. Valor was awarded a contract to operate the Community Based Outpatient Clinic in Hot Springs, Arkansas ("CBOC") by the Central Arkansas Veterans' Healthcare System ("CAVHS"), which is a division of the United States Department of Veteran's Affairs.
2. The contract was awarded pursuant to Solicitation 598A-77-05 with performance beginning on August 1, 2007.
3. The Solicitation was for a one-hundred percent small business set aside with an NAICS code of 621111 and a size standard of $9,000,000.
4. Valor falsely certified that it met and/or meets these requirements.
5. During all relevant times, Valor's revenues exceeded $9,000,000.
6. Valor is financially controlled by Aurora Funds, a hedge fund providing Valor with access to more than $230,000,000.
7. The CAVHS awarded Valor the CBOC contract based on the sole consideration of price.

8. The CAVHS has confirmed that because HealthStar VA was the next lowest responsible bidder, it would have been awarded the contract but for Valor's bid.

9. In submitting its response to the Solicitation, Valor did not disclose the connection of some of its company officials and shareholders to the predecessor entity, Vencor, Inc., and the related real estate investment trust, Ventas, Inc.

10. Vencor and Ventas were accused by the United States Department of Justice of submitting false Medicare, Medicaid, and TRICARE claims.

11. Venor and Ventas were forced to pay substantial fines relating to submission of false claims.

12. Disclosure of Valor's connection to Vencor and Ventas would have precluded the determination that Valor was a responsible bidder.

13. On December 12, 2007, Valor's chief executive officer, Howard J. Lewin, made false and disparaging remarks about HealthStar VA to the Arkansas Legislature's Joint Performance Review Committee ("JPRC").

**II.  Discussion**

In determining whether a motion to dismiss should be granted, the court must test the legal sufficiency of a counterclaim.  A claimant must state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 127 S. Ct. 1955, 1974 (2007).  In considering a motion to dismiss, the court takes all allegations in the counterclaim as true and views the facts most favorably to the non-moving party. *Wisdom v. First Midwest Bank of Poplar Bluff,* 167 F.3d 402, 405 (8th Cir. 1999).

    A.    <u>Preemption: AUPA, ADTPA, and Tortious Interference with Prospective Advantage</u>

Valor asserts that HealthStar VA's claims under the AUPA and ADTPA and for tortious interference with prospective advantage should be dismissed because they are preempted by federal law. "The Supremacy Clause permits Congress to enact legislation that supersedes all state and local law . . . ." *Campbell v. Minneapolis Public Housing Authority ex rel. City of Minneapolis*, 168 F.3d 1069, 1075 n.2 (8th Cir. 1999).

> A state law is preempted if (1) Congress explicitly prohibits state regulation in an area; (2) Congress implicitly prohibits state regulation by pervasively occupying the area; (3) state law directly conflicts with federal law; or (4) a federal agency, acting within the scope of its delegated authority, intends its regulations to have preemptive effect.

*Fletcher v. Burlington Northern and Santa Fe Ry. Co.*, 474 F.3d 1121, 1125-26 (8th Cir. 2007).  State legislative enactments, executive pronouncements, and common law claims may be subject to federal preemption.  *National Bank of Commerce of El Dorado, Arkansas v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

Valor claims that the "federal bidding process" preempts all

state law that interferes with it.  In support of this contention, Valor relies on *Leslie Miller, Inc. v. State of Arkansas*, 352 U.S. 187 (1956).  In *Leslie Miller*, the United States Supreme Court held that where state licencing requirements for an Air Force base construction contractor conflicted with the Armed Services Procurement Regulations' considerations for the determination of a "responsible contractor," federal law preempted the state requirements.  *Id*. at 258.  The Supreme Court reasoned that "[s]ubjecting a federal contractor to the Arkansas contractor license requirements would give the State's licensing board a virtual power of review over the federal determination of 'responsibility' and would thus frustrate the expressed federal policy of selecting the lowest responsible bidder."  *Id*. at 190. The applicability of *Leslie Miller* to the present case is uncertain.

In making its preemption argument, Valor has not cited to any federal law which actually preempts Arkansas state law.  In other words, it has not provided the Court with the preempting authority. Valor's general reference to the "federal bidding process" leaves the Court to speculate as to the authority and precise provisions which may or may not displace state law claims under the AUPA and ADTPA and for tortious interference with prospective advantage. There is a presumption against preemption.  *Weber v. Heaney*, 995 F.2d 872, 875 (8th Cir. 1993).  Thus, Valor's preemption argument

must fail.

B. ADTPA

Valor argues that HealthStar VA's claim under the ADTPA is not cognizable because HealthStar VA is not a consumer. The Act does not define the term consumer. Rather, it defines the term "person." A "person" is "an individual, organization, group, association, partnership, corporation, or any combination of them." Ark. Code Ann. § 4-88-102(5). The Act grants a right of recovery to "[a]ny person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter . . . ." Ark. Code Ann. § 4-88-113(f). Finally, while the Act contains a provision precluding its applicability in certain circumstances or to certain groups, it does not state that business entities or non-consumers cannot utilize its provisions as a basis for recovery. *See* Ark. Code Ann. § 4-88-101. Thus, one does not have to be a consumer to recover under the ADTPA, and Valor's argument forms an insufficient basis for the dismissal of HealthStar VA's counterclaim.

C. Deceit/Fraud

Valor asserts that HealhStar VA's claim for deceit/fraud should be dismissed because the allegedly deceitful/fraudulent statements of which HealthStar VA complains were not communicated by Valor to HealthStar VA. Deceit and fraud are defined as (1) a false representation of material fact by the defendant; (2)

knowledge on the part of the defendant that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent on the part of the defendant to induce action or inaction by the plaintiff in reliance upon the representation; (4) justifiable reliance by the plaintiff on the representation; and (5) damage suffered as a result of the reliance. *Storthz v. Commercial Nat. Bank*, 276 Ark. 10, 16, 631 S.W.2d 613, 616 (1982); *Wilson v. Allen*, 305 Ark. 582, 583-584, 810 S.W.2d 42, 43 (1991).

The elements of deceit/fraud do not require that the deceitful/fraudulent statement be made directly to the plaintiff. Rather, as articulated in the Second Restatement of Torts:

> The maker of a fraudulent misrepresentation is subject to liability for pecuniary loss to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, is made to a third person and the maker intends or has reason to expect that its terms will be repeated or its substance communicated to the other, and that it will influence his conduct in the transaction or type of transaction involved.

RESTATEMENT (SECOND) OF TORTS § 533 (1977). Accordingly, the limitation on a plaintiff's ability to assert a cause of action for deceit/fraud stems from his or her ability to prove intent and reliance in the absence of direct communication. Thus, Valor's argument must fail.

### D. Slander

Valor claims that HealthStar VA cannot state a cause of action

for slander because the statements of which HealthStar VA complains are absolutely privileged. In particular, Valor asserts that because the allegedly defamatory statements of Mr. Lewin were made during a meeting of Arkansas Legislature's Joint Performance Review Committee, it cannot be held liable for slander. While no Arkansas case directly addressing legislative privilege has been cited by the parties or located by the Court, the Second Restatement of Torts provides that "[a] witness is absolutely privileged to publish defamatory matter as part of a legislative proceeding in which he is testifying or in communications preliminary to the proceeding, if the matter has some relation to the proceeding." RESTATEMENT (SECOND) OF TORTS § 590A (1977).

In order for a defendant to avail itself of an affirmative defense at the motion to dismiss stage of a proceeding, the defense must be clearly established on the face of the complaint. *Stephenson v. Deutsche Bank AG*, 282 F. Supp. 2d 1032, 1065 (D. Minn. 2003). In the present case, Valor's entitlement to legislative privilege is not clearly established by HealthStar VA's counterclaim. Particularly, issues such as the exact nature of the proceeding in question, whether Mr. Lewin was under oath, and whether Mr. Lewin's statements were in response to questions posed to him remain in question. Accordingly, Valor is not clearly entitled to assert the legislative privilege at the motion to dismiss stage.

**III.  Conclusion**

For the foregoing reasons, Valor's Motion for Partial Withdrawal of Motion to Dismiss (Doc. 70) is **GRANTED**, and Valor's Motion to Dismiss (Doc. 51) is **DENIED**.  HealthStar VA will be permitted to file its First Amended Counterclaim, adding a claim under the Racketeer Influenced and Corrupt Organizations Act.

IT IS SO ORDERED this 23rd day of December, 2008.

> _/s/ Robert T. Dawson_
> Honorable Robert T. Dawson
> United States District Judge