IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VALOR HEALTHCARE, INC.                                    PLAINTIFF

       v.                  Case No: 08-6015

DIVINDA PINKERTON; DR. KEVIN HALE, M.D.;
HEALTHSTAR PHYSICIANS OF HOT SPRINGS, PLLC;
HEALTHSTAR VA, PLLC; and
JOHN DOES 1-5                                            DEFENDANTS

<u>**O R D E R**</u>

Currently before the Court are cross-motions for summary judgment filed by Plaintiff Valor Healthcare, Inc. ("Valor") and by separate Defendants Divinda Pinkerton, Dr. Kevin Hale, Healthstar Physicians of Hot Springs, PLLC, and Healthstar VA, PLLC ("Healthstar VA"). For its motion, Valor seeks summary judgment on Healthstar VA's counterclaims for violations of the Arkansas Unfair Practices Act ("AUPA"), Racketeer Influenced and Corrupt Organizations Act ("RICO"), and Arkansas Deceptive Trade Practices Act ("ADTPA") as well as Healthstar VA's common law claims for fraud, tortious interference with prospective advantage, tortious interference with contract, and defamation. Meanwhile, separate Defendants assert that they are entitled to summary judgment on Valor's claims for fraud, conspiracy, tortious interference with prospective advantage, and defamation. For the reasons stated in this Order, Valor's motion (doc. 98) is **GRANTED IN PART AND DENIED IN PART**, and separate Defendants' motion (doc. 63) is also **GRANTED IN PART AND DENIED IN PART**. The Court further instructs Valor to

show good cause for its failure to serve Joe Doe Defendants 1-5 within 120 days of filing its complaint.  Fed. R. Civ. P. 4(m). Valor has five (5) days from the date of this Order to show cause or to dismiss those Defendants.  Finally, the Court instructs both Valor and Healthstar VA to provide briefing on the issue of whether the Arkansas Supreme Court would permit use of the federal Small Business Act, 15 U.S.C. § 631 *et seq.*, as the standard for determining fraud and tortious interference with prospective advantage.  The parties have ten (10) days from the date of this Order to provide this briefing.

## I.    Standard

In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  Once the moving party demonstrates that the record does not disclose a genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that

there is a genuine issue for trial.  Fed R. Civ. P. 56(e).  The
plain language of Rule 56(c) mandates the entry of summary judgment
against a non-moving party which, after adequate time for
discovery, fails to make a showing sufficient to establish the
existence of an element essential to his case, and on which that
party will bear the burden of proof at trial.  *Celotex Corp.,* 477
U.S. 317, 322 (1986).

## II.  Background

The present case is complicated by the lack of factual
evidence submitted in support of the parties' motions for summary
judgment.  A great deal of the evidence provided does little to
bolster the presenting party's position under Rule 56 of Civil
Procedure.  For instance, in support of its response to separate
Defendants' motion, Valor has filed a series of transcripts labeled
"statements," with no indication of their origin or whether they
were taken under oath.[1]  Similarly, in support of their motion,
separate Defendants have presented a series of affidavits,
consisting mostly of legal and factual conclusions that provide
little assistance to the Court under the Rule 56 standard.  That
said, some facts are without dispute.  They are as follows:

1.   Healthstar VA is an entity created to operate VA community
     based outpatient clinics.

---

[1]In light of the Court's determination, Separate Defendants' Joint
Objection and Motion to Strike (doc. 104) is **DENIED AS MOOT.**

2. On or after February 9, 2006, Valor was awarded a contract to operate the Community Based Outpatient Clinic in Hot Springs, Arkansas ("CBOC") by the Central Arkansas Veterans' Healthcare System, which is a division of the United States Department of Veteran's Affairs.

3. The contract was awarded pursuant to Solicitation 598A-77-05 with performance beginning on August 1, 2007.

4. Prior thereto, the Hot Springs CBOC had been operated by Healthstar VA.

5. Healthstar VA ultimately appealed Valor's receipt of the contract. This appeal was unsuccessful.

6. Dr. Hale, a member of Healthstar VA, publically stated that Valor's operation of the Hot Springs CBOC would drastically lower the standard of care at the facility.[2] This statement was republished in the *Hot Springs Village Voice*.

7. On December 12, 2007, Valor's chief executive officer, Howard J. Lewin, made allegedly disparaging remarks about HealthStar VA to the Arkansas Legislature's Joint Performance Review Committee.

---

[2] The Court notes that some allegedly defamatory statements are attributed to Dr. Hale's attorney. However, in conformity with this Court's previous Order (doc. 75), these statements will not be considered.

## III.  Analysis

    A.   <u>Valor's Motion for Summary Judgment</u>

       1.Subject Matter Jurisdiction & Federal Preemption: AUPA Valor contends that this Court lacks the power to hear the counterclaims asserted by Healthstar VA.  This argument has two facets.  First, Valor asserts that because Healthstar VA's counterclaims constitute a bid protest, this Court lacks subject matter jurisdiction.  Second, Valor argues that the "federal bidding process" preempts Healthstar VA's Arkansas state law causes of action.  The Court holds that while it lacks jurisdiction over a claim which amounts to a direct challenge to a federal bid, it can hear causes of action that arise from the misconduct of the prevailing bidder during the federal bidding process.

As we find that Healthstar VA's counterclaim under the AUPA is a direct bid challenge, it is dismissed without prejudice.  This Court lacks subject matter jurisdiction over bid protests. Pursuant to 28 United States Code § 1491(b)(1) and its sunset provision at Section 12(d) of Pub.L. 104-320:

> the [United] States Court of Federal Claims . . . shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims . . . shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

*See also Distributed Solutions, Inc. v. United States*, 539 F.3d 1340, 1344 (Fed. Cir. 2008) (stating that "§ 1491(b) confers exclusive jurisdiction upon the Court of Federal Claims over bid protests against the government."); *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1080 (Fed. Cir. 2001) (same).

An evaluation of Healthstar VA's claims, in light of the pleadings and evidence before the Court, demonstrates that many of its grievances relate to the federal government's decision to award the CBOC contract to Valor. To the extent that Valor attempts to litigate the actual contract award and present a direct attack on Valor's bid to the United States, this Court lacks jurisdiction. Artful pleading and recasting of a bid protest in terms of state law cannot confer jurisdiction on this Court. As such, Healthstar VA's claims that relate solely to federal government's decision to award the CBOC contract to Valor must be dismissed.

For its recovery under the AUPA, Healthstar VA asks this Court to void Valor's contract with the federal government and enjoin further performance thereon. As authority, Healthstar VA references two key AUPA provisions. First, it cites Arkansas Code Annotated § 4-75-206, which states that contracts made in violation of the Act "are" illegal and thereby declares that the court "shall" preclude recovery thereon. Second, it cites Section 4-75-211, which states that where a violation of the Act has been proven, the court "shall" enjoin the defendant from continuance of

the violating conduct.  Under both provisions, the mandate of the statute would force this Court to set aside the CBOC contract.  As the threshold for proceeding in this manner, the Court would be forced to  confront a direct attack to the bid that Valor submitted to the federal government.[3]  Accordingly, the claim amounts to a direct challenge to the propriety of the bidding process, a matter over which the Court lacks jurisdiction.[4]

The Court's analysis of the nature of, and recovery sought by, Healthstar VA under the AUPA implicates Valor's preemption argument.  As a threshold matter, it is important to distinguish between two types of state law claims that exist in this case: (1) those that constitute a direct attack on the federal bid submitted by Valor and thereby seek to undo the CBOC contract award and (2) those that seek damages to Healtstar VA for alleged misconduct by Valor during the bidding process.  Valor contends that the "federal bidding process" preempts all of Healthstar VA's counterclaims. *Leslie Miller, Inc. v. Arkansas*, 352 U.S. 187 (1956).

---

[3] The Court notes that Healthstar VA cannot rely upon injurious conduct causing injury solely to the United States government in order to formulate its claims and therefore must demonstrate its own injury.  Healthstar VA has not presented the Court with any authority that would provide a basis for its assertion of the rights of the United States.

[4] The Court also notes that Valor has set forth a res judicata argument under Arkansas state law.  It suffices to say that to the extent that Healthstar VA seeks review of the Small Business Administration's size determination, Healthstar VA has not provided the Court with any jurisdictional authority permitting such review.  However, the Court finds Valor's res judicata argument to be largely moot in light of our determination that the Court lacks subject matter jurisdiction over federal bid challenges.

Valor's argument that the "federal bidding process" preempts all of Healthstar VA's state law claims is overly broad and is not supported by case law.  Valor has failed to present the Court with any pertinent statutory or regulatory authority that may serve to preempt state law.  Indeed, case law addressing Valor's position does not support its conclusion.  *See*, *e.g.*, *Integrity Management Intern., Inc. v. Tombs & Sons, Inc.*, 836 F.2d 485, 494-95 (10th Cir. 1987) (Small Business Act did not preempt state law claims of unjust enrichment, intentional interference with economic advantage, and fraud asserted by unsuccessful bidder); *Tectonics, Inc. of Florida v. Castle Const. Co., Inc.,* 753 F.2d 957, 964 (11th Cir. 1985) (holding SBA did not preempt actions of fraud, unjust enrichment, or interference with a business relationship); *Iconco v. Jensen Const. Co.*, 622 F.2d 1291, 1299 (8th Cir. 1980) (stating that Congress had not forbidden Iowa from using the SBA as a standard in determining fraud or unjust enrichment).

While this Court cannot say that the "federal bidding process" preempts all state law claims that could touch upon its subject matter and surrounding facts, the Court has determined that it lacks jurisdiction over a direct attack on the propriety of a federal bid.  As reflected herein, such claims are distinct from those which arise as the result of misconduct during the contract award process.  Thus, the Court lacks jurisdiction over Healthstar VA's claims under the AUPA but can hear Healthstar VA's remaining

claims to the extent that they stem from Valor's misconduct during the federal bidding process.

     2.   RICO

Healthstar VA asserts a counterclaim for violation of the RICO statute pursuant to 18 United States Code § 1962(c).  The statute states that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . .

Valor contends that Healthstar VA has failed to allege a distinct enterprise.  It is well established that a "complaint's failure to present an enterprise separate and distinct from the persons sought to be held liable is a proper basis for its dismissal." *Richmond v. Nationwide Cassel L.P.,* 52 F.3d 640, 647 (7th Cir. 1995); *see also Atlas Pile Driving Co. v. DiCon Financial Co.*, 886 F.2d 986, 995 (8th Cir. 1989) (stating that "the person named as the defendant cannot also be the entity identified as the enterprise."); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1251.1 (2009 Supp.) ("Section 1962(c) is not satisfied merely by showing that the pattern of predicate acts was committed by a firm with agents or affiliates").  Healthstar VA has only alleged the conduct of Valor and its agents with respect to its RICO counterclaim.  This claim is dismissed without prejudice.

3.   Defamation

Valor claims that it is entitled to summary judgment on Healthstar VA's defamation claim because the statements of which HealthStar VA complains are privileged.  Valor made a similar argument at the motion to dismiss stage of this proceeding.  However, Valor has now bolstered its argument by pointing to the public nature of the issue to which the alleged defamation relates.

Valor's chief executive officer, Howard Lewin, allegedly made disparaging remarks about HealthStar VA to the Arkansas Legislature's Joint Performance Review Committee.  Under the Second Restatement of Torts, "[a] witness is absolutely privileged to publish defamatory matter as part of a legislative proceeding in which he is testifying or in communications preliminary to the proceeding, if the matter has some relation to the proceeding." Restatement (second) of Torts § 590A (1977).  It is beyond dispute that Mr. Lewin's remarks related the controversy surrounding the award of the CBOC contract.  It is further beyond dispute that the contract award constituted an issue of public importance to elected officials and affected veterans and has been characterized as such by the parties.  As a result, the allegedly defamatory statements of Mr. Lewin are privileged.[5]  Individuals must be able to testify

[5] The Court notes that where the subject of an allegedly defamatory statement is one of public concern, a plaintiff must prove fault amounting to at least negligence in order to recover compensatory damages and actual malice in order to recover punitive damages.  *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 330 (1974).  Thus, even assuming that the legislative privilege did not

to the legislature about matters of public concern without the prospect of a defamation claim. Accordingly, Healthstar VA's defamation claim is dismissed with prejudice.

B.   Separate Defendants' Motion for Summary Judgment

1.   Fraud, Conspiracy, Tortious Interference with Prospective Advantage

Separate Defendants assert that they are entitled to summary judgment on Valor's claims for fraud, conspiracy, and tortious interference with prospective advantage. In support of this position, Defendants submitted a series of affidavits that consist mostly of legal and factual conclusions. As such, separate Defendants have not established the absence of a genuine issue of material fact, and their motion is denied.

2.   Defamation

Separate Defendant Dr. Hale contends that he is entitled to summary judgment because the allegedly defamatory statement of which Valor complains is a personal opinion rather than a factual assertion. As evidenced by an article in the *Hot Springs Village Voice*, Dr. Hale publically stated that Valor's operation of the Hot Springs CBOC would drastically lower the standard of care at the facility. "In order to determine whether a statement may be viewed as implying an assertion of fact, the following factors must be

---

apply in this case, Healthstar VA must show fault on the part of Valor in order to maintain a viable claim. No such showing has been made.

weighed: (1) whether the author used figurative or hyperbolic language that would negate the impression that he or she was seriously asserting or implying a fact; (2) whether the general tenor of the publication negates this impression; and (3) whether the published assertion is susceptible of being proved true or false." *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 956, 69 S.W.3d 393, 402-03 (2002).

Evaluating the above-enumerated factors, Dr. Hale's statement reflects his opinion.  His statement utilizes the term "drastically."  This is certainly hyperbolic in nature.  The general tenor of the publication evidences a broad-based dissatisfaction with the awarding of the CBOC contract to Valor. In other words, it evidences an opinion on the parts of interested parties that Valor could not provide the level of medical care that had previously been provided by Healthstar VA.  Attempting to quantify the quality of care provided by one entity or another presents an undertaking that is virtually impossible.  As such, this Court concludes that Dr. Hale's statement is simply not susceptible to proof or disproof.  The statement reflects a personal opinion as to a happening that may or may not occur in the future, and Dr. Hale is entitled to summary judgment.  Valor's defamation claim is dismissed with prejudice.

## IV.  Conclusion

For the reasons stated in this Order, Valor's motion (doc. 98) is **GRANTED IN PART AND DENIED IN PART**, and Healthstar VA's counterclaim for defamation is dismissed with prejudice while its AUPA and RICO counterclaims are dismissed without prejudice.  The motion of Divinda Pinkerton, Dr. Kevin Hale, Healthstar Physicians of Hot Springs, PLLC, and Healthstar VA (doc. 63) is also **GRANTED IN PART AND DENIED IN PART**, and Valor's claim for defamation is dismissed with prejudice.

Valor has five (5) days from the date of this Order to show good cause for its failure to serve Joe Doe Defendants 1-5. Finally, Valor and Healthstar VA have ten (10) days from the date of this Order to provide briefing on the issue of whether the Arkansas Supreme Court would permit use of the federal Small Business Act as the standard for determining fraud and tortious interference with prospective advantage.  This case remains set for trial on July 6, 2009.

IT IS SO ORDERED this 29th day of May, 2009.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge
